UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMARR FOWLER,

                Petitioner,

-against-

BRIAN FISCHER,

                Respondent.

**ORDER**

18 Civ. 2769 (ER) (HBP)

Ramos, D.J.:

       On March 28, 2018, Jamarr Fowler, proceeding pro se and *in forma pauperis*, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1.

       Pending before the Court is Respondent Brian Fischer's motion to dismiss the petition for want of subject matter jurisdiction. Doc. 13. On May 30, 2019, Magistrate Judge Henry B. Pitman issued a Report and Recommendation ("Report") recommending that the Court grant Fischer's motion. Doc. 21. Specifically, Judge Pitman concluded that the Court lacks subject matter jurisdiction because Fowler was no longer "in custody" when he filed the instant petition. *Id.* at 6 (citing, e.g., *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989)).

       Judge Pitman notified the parties that they had fourteen days from receipt of the Report to file written objections. *Id.* at 16–17. Judge Pitman also notified the parties that failure to object within fourteen days would preclude appellate review should the Court decide to adopt the Report. *Id.* at 17. Over fourteen days have elapsed since the Report's issuance, and neither party has filed objections thereto.

I.      STANDARD OF REVIEW

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may file specific written objections to the report and recommendation "[w]ithin fourteen days after being served with a copy." *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). A district court reviews de novo those portions of the report and recommendation to which timely and specific objections are made. 28 U.S.C. § 636(b)(1)(C). The district court may adopt those parts of the report and recommendation to which no party has timely objected, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).

II.     DISCUSSION

Because neither party has filed objections to the Report, the Court reviews the Report for clear error. Having carefully reviewed Judge Pitman's thorough and well-reasoned Report, the Court finds no error, clear or otherwise. Accordingly, the Court adopts the Report in its entirety.

Fischer's motion is GRANTED and Fowler's petition is DISMISSED for want of subject matter jurisdiction. Fowler's failure to file objections precludes appellate review of this decision. *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam). In any event, the Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status for the purpose of an appeal is denied. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962); *Miranda v. United States*, 458 F.2d 1179, 1181 (2d Cir. 1972). Consequently, any request to proceed *in forma pauperis* on appeal should be directed by motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure. The Clerk of the Court

is respectfully directed to terminate the motion, Doc. 13; to mail a copy of this Order to Fowler; and to close this case.

It is SO ORDERED.

Dated:  June 20, 2019
        New York, New York

                                                Edgardo Ramos, U.S.D.J.